IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| JIMMY EARL BABCOCK<br>305 Care Center Drive, Apt. 204<br>Manistee, MI 49668<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Serve on:<br>    Pam Bondi, U.S. Attorney General<br>    Department of Justice<br>    10th and Pennsylvania Avenue, NW<br>    Washington, DC 20530<br><br>    and<br><br>    Kelly O. Hayes, U.S. Attorney for the<br>    District of Maryland<br>    36 S. Charles Street, 4th Floor<br>    Baltimore, MD 21201<br><br>    Defendant. | Civil Action No. 1:25-cv-4225 |

## COMPLAINT

NOW COMES Plaintiff, Jimmy Earl Babcock, by and through their attorney, Jennifer Landsman, and sues Defendant, United States of America, and in support thereof states the following:

## PARTIES

1. Plaintiff is a permanent resident of the State of Michigan.

2. Defendant is the United States of America.

## JURISDICTION AND VENUE

1

3. That this Court is vested with jurisdiction over this action against the United States of America under the Federal Tort Claims Act ("FTCA").

4. That on March 11, 2025, less than two years after the occurrence referred to in this Complaint, Plaintiff filed a timely claim with the Transportation Security Administration ("TSA"), a federal agency of the U.S. Department of Homeland Security ("DHS").

5. That more than six months have passed and the TSA did not respond to Plaintiff's claim.

6. That this Court is the proper venue for this action because Plaintiff's injury occurred in Anne Arundel County, which is within this judicial district.

## FACTS RELEVANT TO ALL COUNTS

7. That on or about May 17, 2023, the Plaintiff, Jimmy Earl Babcock ("Plaintiff"), was proceeding through the Transportation Security Administration's ("TSA") checkpoint area at the Baltimore-Washington International Airport ("BWI") in Anne Arundel County, Maryland.

8. That at the same time and place, a TSA agent created a dangerous condition by improperly placing a weighted stanchion to prop open a door in or around the TSA checkpoint area.

9. That Plaintiff had tripped on the improperly placed stanchion and fell down.

10. That the TSA agent was a servant, agent, or employee of TSA and DHS, and is a federal government employee.

11. That the TSA agent was acting within the scope of their official duties when they negligently and wrongfully created the dangerous condition.

12. That the dangerous condition was the proximate cause of Plaintiff's injury.

## COUNT I:  Negligence

13. That Plaintiff, Jimmy Earl Babcock, incorporates as if fully stated herein Paragraphs 1-12 of the Complaint.

14. That Defendant, acting through the TSA, owed a duty to take reasonable care to prevent or make safe any dangerous condition existing on the property managed by Defendant which it knew or, by the exercise of reasonable care, should have known existed.

15. That Defendant breached its duty of care owed to Plaintiff by, *inter alia*, failing to exercise care and caution for the safety of others in the TSA checkpoint area, failing to maintain the TSA checkpoint in a reasonably safe condition, allowing a dangerous condition to exist, failing to warn of the dangerous condition of which it knew or should have known, and were in other ways careless, reckless and negligent.

16. That as a result of Plaintiff's fall, Plaintiff suffered injuries about their body and limbs, suffered excruciating pain and mental anguish, was, is and will be forced to seek medical attention and incur medical expenses, was, is and will be prevented from his usual occupations and avocations and was, is and will be in other respects injured and damaged.

17. That the accident and injuries resulting to Plaintiff were caused by the negligence and want of due care on the part of Defendant, with no negligence on the part of Plaintiff there unto contributing.

**WHEREFORE**, the Plaintiff, Jimmy Earl Babcock, demands judgment be awarded against the Defendant, United States of America, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and such other and further relief as this Court may deem necessary and proper.

### COUNT II: Negligent Hiring, Retention, Supervision, and/or Training

18. That Plaintiff, Jimmy Earl Babcock, incorporates as if fully stated herein Paragraphs 1-17 of the Complaint.

19. That Defendant owed a duty to take reasonable care in hiring and retaining employees who are able to properly execute their employment responsibilities, including but not limited to keeping the TSA checkpoint area free of dangerous conditions.

20. That Defendant further had a duty to train its employees on the proper ways to execute those employment responsibilities.

21. That Defendant further had a duty to supervise its employees to ensure that they were properly executing their employment responsibilities.

22. That the Defendant's employees failed to properly execute their employment responsibilities by failing to keep the TSA checkpoint area free of dangerous conditions.

23. That Defendant knew that its employees were unable to properly execute their employment responsibilities upon hiring, training, and/or while supervising its employees.

24. That as a result of this failure by Defendant employees, Plaintiff suffered injuries about their body and limbs, suffered excruciating pain and mental anguish, was, is and will be forced to seek medical attention and incur medical expenses, was, is and will be prevented from his usual occupations and avocations and was, is and will be in other respects injured and damaged.

25. That the accident and injuries resulting to Plaintiff were caused by the negligence and want of due care on the part of Defendant, with no negligence on the part of Plaintiff there unto contributing.

**WHEREFORE**, the Plaintiff, Jimmy Earl Babcock, demands judgment be awarded against the Defendant, United States of America, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and such other and further relief as this Court may deem necessary and proper.

### COUNT III:  Respondeat Superior

26. That Plaintiff, Jimmy Earl Babcock, incorporates as if fully stated herein Paragraphs 1-25 of the Complaint.

27. That, at the time of the occurrence, Defendant United States of America was acting through its agent, servant, or employee under the direction of the Transportation Security Administration.

28. That Defendant owed a duty of care to maintain its checkpoints to be free of hazards while travelers navigated its pathways.

29. That the TSA agent breached its duty of care as described in this Complaint.

30. That Defendant was responsible for the acts of the TSA agent, who was acting on behalf of Defendant.

31. That as a result of this breach of duty by the agent, servant, or employee of Defendant, Plaintiff fell and suffered injuries about their body and limbs, suffered excruciating pain and mental anguish, was, is and will be forced to seek medical attention and incur medical expenses, was, is and will be prevented from his usual occupations and avocations and was, is and will be in other respects injured and damaged.

32. That the accident and injuries resulting to Plaintiff were caused by the negligence and want of due care on the part of Defendant through its agent, servant, or employee, with no negligence on the part of Plaintiff there unto contributing.

**WHEREFORE**, the Plaintiff, Jimmy Earl Babcock, demands judgment be awarded against the Defendant, United States of America, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and such other and further relief as this Court may deem necessary and proper.

### COUNT IV:  Violation of Statute

33. That Plaintiff, Jimmy Earl Babcock, incorporates as if fully stated herein Paragraphs 1-32 of the Complaint.

34. That Defendant was responsible for following statutes, rules, regulations, ordinances, policies and maintenance procedures at its checkpoints and for employing code-compliant doorways that are free and clear of hazards.

35. That Defendant ignored those statutes, rules, regulations, ordinances, policies and maintenance procedures when it failed to maintain its checkpoint area free of hazards.

36. That as a result of Defendant's violation of those statutes, rules, regulations, ordinances, policies and maintenance procedures, Plaintiff fell and suffered injuries about their body and limbs, suffered excruciating pain and mental anguish, was, is and will be forced to seek medical attention and incur medical expenses, was, is and will be prevented from his usual occupations and avocations and was, is and will be in other respects injured and damaged.

37. That the accident and injuries resulting to Plaintiff were caused by the negligence and want of due care on the part of Defendant, with no negligence on the part of Plaintiff there unto contributing.

**WHEREFORE**, the Plaintiff, Jimmy Earl Babcock, demands judgment be awarded against the Defendant, United States of America, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and such other and further relief as this Court may deem necessary and proper.

## PRAYER FOR JURY TRIAL

Plaintiff requests a jury trial for the above-captioned case.

Respectfully submitted,


  /s/ Jennifer Landsman
JENNIFER LANDSMAN, Bar No. 29270
Landsman & Ronald, LLC
6 East Mulberry Street
Baltimore, MD 21202
Phone: 410-752-4220
Fax: 410-752-4046
jennifer@landsmanlaw.com
Attorney for Plaintiff